UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 98-30421

_____

KERRY VILLARD,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA, on behalf of
UNITED STATES INTERNAL REVENUE SERVICE,

Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Louisiana
(96-CV-2353)
- - - - - - - - - -

March 8, 1999

Before HIGGINBOTHAM, JONES, and WIENER, Circuit Judges

Per Curiam:*

In this contest for lien priority between (1) Plaintiff-Appellant Kerry Villard, as a judgment creditor against Whitehall-Windermere Company, Inc., the alter ego of Ms. Villard's ex-husband, Joseph Villard, Jr., and (2) the Internal Revenue Service (IRS), as federal tax lien holder against "White-Hall Windermere, Company, Inc." [sic], for federal taxes owed by Mr. Villard, Ms. Villard asserts that the government's mis-hyphenation of the

_____

* Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

corporation's name produced an error in the index to the applicable

public records of Rapides Parish, Louisiana, identifying the tax lien debtor as "White-Hall Windermere, Company, Inc., Nominee of Joseph Villard, Jr." rather than Whitehall-Windermere Company, Inc. This, she urges, caused the failure of the IRS to meet its own test for determining whether a prior recorded federal tax lien primes a subsequently recorded judgment lien. Specifically, Ms. Villard insists that the name differences and the resulting mis-indexing of the tax lien does not satisfy 26 U.S.C. § 6323(f)(4), which requires the IRS to file a Form 668[1] in the office designated under state law for the filing of liens "in such a manner that a reasonable inspection of the index would reveal the existence of the lien."[2]   The IRS, of course, insists that the misplaced hyphen produced an indexing discrepancy that was not so extreme as to evade a reasonable inspection.

We have carefully reviewed the opinion of the district court (which agrees with the position of the IRS), have familiarized ourselves with the operable facts of this case (which are essentially undisputed) and have studied the arguments and applicable law as advanced by able counsel for the parties in their respective appellate briefs and in their oral arguments to this court.  As a result, we conclude that the district court's grant of summary judgment in favor of the IRS and adverse to Ms. Villard is correct, essentially for the reasons set forth in the court's

---

[1]   See 28 C.F.R. § 301.6323(f)-1(d)(2).

[2]   26 U.S.C. § 6323(f)(4); 26 C.F.R. § 301.6323(f).

opinion.  Therefore, the judgment of the district court is, in all

respects,

AFFIRMED.[1]

---

[1]  We do not address Villard's alternative argument grounded in retroactivity of the judgment against the tax debtor's alter ego corporation as we find it to be unmeritorious under the established jurisprudence of the Supreme Court and this court.